UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBI NOHIA SAIDWAL,<br><br>  Plaintiff,<br><br>  v.<br><br>FLAGSHIP,<br><br>  Defendant. | Case No. 19-cv-08211-JSW<br><br>**ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 68 |

This case has been stayed pending arbitration. On November 3, 2022, Plaintiff filed a motion for leave to amend her complaint to include a claim for sexual harassment, seeking to bring this case within the scope of the "Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021" (the "Ending Forced Arbitration Act"). The Ending Forced Arbitration Act provides, in relevant part, that "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute …, no predispute arbitration agreement … shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute."

When she originally filed her complaint, Plaintiff did allege that one of her co-workers touched her shoulders, but she did not explicitly make a claim based on sexual harassment. Plaintiff also did not refer to that incident when she amended her complaints and did not allege discrimination or harassment based on her sex. (*See* Dkt. No. 13, 18.) Assuming for the sake of argument Plaintiff's allegations would be sufficient to state a claim based on sexual harassment, it is not clear that Plaintiff will be able to benefit from the Ending Forced Arbitration Act, which appears to apply to claims that arise or accrue *after* March 3, 2022. *See* Pub. L. 117-90, 136 Stat. 26, 28 (Mar. 3, 2022); *see also Landgraf v. USI Film Products, Inc.*, 511 U.S. 244, 264 (1994).

1  The Court ORDERS Defendant to respond to Plaintiff's motion by November 23, 2022.
2  Plaintiff may reply by November 30, 2022.
3  **IT IS SO ORDERED**.
4  Dated: November 9, 2022

_____
JEFFREY S. WHITE
United States District Judge