UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBI NOHIA SAIDWAL,<br><br>Plaintiff,<br><br>v.<br><br>FLAGSHIP,<br><br>Defendant. | Case No.  19-cv-08211-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 68 |

This case has been stayed pending arbitration.  On November 3, 2022, Plaintiff filed a motion for leave to amend her complaint to include a claim for sexual harassment.  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons that follow it HEREBY DENIES Plaintiff's motion.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, leave to amend should be granted freely.  The five factors commonly used to evaluate the propriety amendment are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he consideration of prejudice to the opposing party…carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Absent prejudice or a "strong showing" of any other *Foman* factor, there is a presumption in favor of granting leave to amend.  *Id.*

When she originally filed her complaint, Plaintiff did allege that one of her co-workers touched her shoulders, but she did not explicitly make a claim based on sexual harassment. Plaintiff also did not refer to that incident when she amended her complaints and did not allege

discrimination or harassment based on her sex.  (*See* Dkt. No. 13, 18.)  Plaintiff asks for leave to include a claim of sexual harassment, which she argues would bring this case within the scope of the "Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021" (the "Ending Forced Arbitration Act" or the "Act").

The Ending Forced Arbitration Act provides, in relevant part, that "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute …, no predispute arbitration agreement … shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute."  "[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  *Landgraf v. USI Film Products, Inc.*, 511 U.S. 244, 264 (1994).  The Act expressly applies to claims that arise or accrue *after* March 3, 2022.  *See* Pub. L. 117-90, 136 Stat. 26, 28 (Mar. 3, 2022).

Plaintiff was terminated on December 21, 2018, and she concedes that "the matter at hand did in fact *arise* in 2018." (Reply at 1:24-25.)  Plaintiff argues, however, that her claim will *accrue* after March 3, 2022, *if* the Court grants her leave to amend to include a cause of action for sexual harassment.  Although there has been in a change in the law since Plaintiff filed this lawsuit, the injuries and the harm accrued in 2018.  Accordingly, the Court concludes Plaintiff cannot benefit from the provisions of the Act, and it DENIES her motion for leave to amend.

In her reply brief, Plaintiff also argues that Defendant may have forged her signature on the arbitration agreement at issue and says her copy of agreements signed in 2017 and 2018 are blank and she includes signed copies and unsigned copies with her reply.  The Court was and remains satisfied that the parties formed an agreement to arbitrate.  The arbitration agreement expressly delegates disputes about the interpretation and application of the clause, including "enforceability, revocability, or validity" to the arbitrator.

Accordingly, the Court will not revisit its Order granting Defendant's motion to compel arbitration.

//

//

United States District Court
Northern District of California

2

1    The parties shall file further status reports regarding the progress of the arbitration by no

2   later than March 6, 2023.

3       **IT IS SO ORDERED**.

4   Dated: December 6, 2022

5   _____

6   JEFFREY S. WHITE
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California