UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBI NOHIA SAIDWAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLAGSHIP,<br><br>　　　　　Defendant. | Case No. 19-cv-08211-JSW<br><br>**ORDER REGARDING JOINT STATUS REPORTS**<br><br>Re: Dkt. Nos. 74, 75 |

　　　　The Court has received and considered the parties' status reports regarding arbitration. Although this matter remains stayed pending a final ruling from the Arbitrator, the Court issues this Order to respond to a request Plaintiff makes in her status report to proceed with a portion of a claim the arbitrator referenced as outside the scope of the DRA. Plaintiff attaches the Arbitrator's ruling on arbitrability with her report. In that ruling, the Arbitrator referred to arguments raised by Plaintiff that Defendant may have violated 18 U.S.C. section 1001. (Plaintiff's Status, Arbitrator's Ruling at ECF p. 4; Plaintiff's Status at ECF p. 2.) The Arbitrator stated such a claim did not appear in the complaint, *could not* appear in the complaint, and was not within the scope of the DRA. (Arbitrator's Ruling at ECF p. 4.)

　　　　Plaintiff construes that ruling as permitting her to pursue such a claim in court. However, without an indication that Congress intended to permit individuals like Plaintiff to bring claims based on a violation of a criminal statute, she cannot do so. There is no such Congressional intent here. *See, e.g., Lee v. U.S.A.I.D.*, 859 F.3d 74, 76-78 (D.C. Cir. 2017); *Hazzard v. Schaaf*, No. 22-cv-2921-JSW, 2022 WL 5101769, at *2 (N.D. Cal. Oct. 4, 2022).

　　　　The Court DENIES Plaintiff's request to litigate a claim based on a violation of 18 U.S.C. 1001. The parties shall file a further joint status report by July 7, 2023, or within 10 days of the

Arbitrator's final ruling, whichever is sooner.

**IT IS SO ORDERED**.

Dated: March 7, 2023

_____
JEFFREY S. WHITE
United States District Judge