United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BIBI NOHIA SAIDWAL,

Plaintiff,

v.

FLAGSHIP,

Defendant.

Case No. 19-cv-08211-JSW

**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD, GRANTING MOTION TO CONFIRM ARBITRATION AWARD, DISMSSING CLAIMS AND ENTERING JUDGMENT**

Re: Dkt. Nos. 92, 95

Now before the Court for consideration is the motion to vacate an arbitration award (the "Award") filed by Plaintiff Bibi Nohia Saidwal ("Ms. Saidwal").[1] Also before the Court for consideration is the motion to confirm the Award filed by Defendant Flagship ("Flagship"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. The Court VACATES the hearing scheduled for October 4, 2024, DENIES Ms. Saidwal's motion, and GRANTS Flagship's motion.

## BACKGROUND

On December 17, 2019, Ms. Saidwal filed this case *pro se*. (Dkt. No. 1.) On February 24, 2020, pursuant to 28 U.S.C. section 1915, Magistrate Judge Beeler dismissed the complaint with leave to amend. (Dkt. No. 8.) On April 20, 2020, Ms. Saidwal filed her first amended complaint.

[1] Ms. Saidwal submitted a CD-ROM in support of her motion. Flagship states that it was not served with a copy of that CD-ROM. Accordingly, the Court has not reviewed the materials on the CD-ROM and has not considered them to resolve these motions. Although she is *pro se*, Ms. Saidwal is expected to comply with the Local Rules and the Federal Rules of Civil Procedure, which include service requirements.

(Dkt. No. 13.) Judge Beeler dismissed the amended complaint, again with leave to amend. (Dkt. No. 17.) On June 5, 2020, Ms. Saidwal filed her Second Amended Complaint. (Dkt. No. 18.) Judge Beeler granted her application to proceed *in forma pauperis* and concluded Ms. Saidwal alleged facts sufficient to proceed. (Dkt. No. 19.)

When she was hired, Ms. Saidwal signed a Dispute Resolution Agreement ("DRA") with Flagship Enterprises Holdings Inc., which provides:

> This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and evidences a transaction involving commerce. This Agreement applies to any legal dispute arising out of or related to Employee's (sometimes "you" or "your") … employment with Flagship Enterprises Holding, Inc. ("Company"), or one of its affiliates, successor, subsidiaries or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. …
>
> Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that would be resolved in a court of law or before a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Except as otherwise provided in paragraph 5 of this Agreement, such disputes include without limitation, disputes arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement.
>
> Except as it otherwise provides, this Agreement also applies, without limitation, to disputes with any entity or individual arising out of or related to … termination, discrimination or harassment and claims arising under the …. Civil Rights Act of 1964 ….[.]
>
> …
>
> A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

(Dkt. No. 95-2, Declaration of Puja Sharma, ¶ 27, Ex. O (Declaration of Marisa Cozart, ¶ 5, Ex. B, DRA §§ 1, 10).)

Flagship subsequently moved to compel Ms. Saidwal to arbitrate her claims. The Court granted that motion, concluded the parties agreed to delegate issues of arbitrability to the arbitrator, and stayed the case.[2] (Dkt. No. 50.) At Ms. Saidwal's request, and with Flagship's

[2] While the case was stayed, Ms. Saidwal filed motions to amend her complaint and to issue subpoenas. The Court denied those motions. (Dkt. Nos. 73, 90-91.)

United States District Court
Northern District of California

consent, the parties mediated the case before proceeding to arbitration. They did not resolve the matter. (Dkt. Nos. 53-58.) Ms. Saidwal then objected to proceeding to arbitration with the mediator and asked the Court to appoint an arbitrator. (Dkt. No. 61.) The Court then appointed Howard Hermann of JAMS to conduct the arbitration proceedings. (Dkt. No. 63, 66.)

The parties engaged in some discovery during the arbitration proceedings, and Flagship moved for summary adjudication of each of Ms. Saidwal's claims. (Sharma Decl., ¶¶ 6, 9.) On April 1, 2024, the Arbitrator granted the motion on the majority of Ms. Saidwal's claims but permitted her defamation claim to proceed. (*Id.* ¶ 9, Ex. C ("Order on MSJ").)

On April 25, 2024, the Arbitrator issued an Order that listed the witnesses Ms. Saidwal intended to call and stated that "if claimant wishes to subpoena any of these individuals to appear at the hearing, she must present the subpoenas to the arbitrator for signature. She must also serve copies on respondent's counsel. Any subpoena previously served improperly and without the arbitrator's signature must be reissued." (Sharma Decl., ¶ 17, Ex. G (Scheduling Order No. 14 at 1).) On that same day, Ms. Saidwal sent subpoenas to the Arbitrator that she had signed and that were form subpoenas from this Court. (*Id.*, ¶ 18, Ex. H.) On April 26, 2024, the Arbitrator issued an Order advising Ms. Saidwal that the subpoenas were improper, that the proper form to be used could be found on the JAMS website, and that he would "approve properly submitted subpoenas requesting the appearance at the May 8 arbitration hearing of any of the five identified witnesses claimant wishes to call." (*Id.*, ¶ 19, Ex. G (Scheduling Order No. 15 at 1).)

The parties arbitrated the defamation claim at a hearing on May 8, 2024 and then submitted post-hearing briefs. (Sharma Decl., ¶¶ 20-23.) On August 9, 2024, the Arbitrator issued a final decision. (*Id.* ¶ 24, Ex. M (Award).)

Ms. Saidwal filed her motion to vacate the Award and a "continuation" on August 13, 2024 and August 16, 2024, respectively.[3] Flagship filed its motion to confirm the Award on

[3] Ms. Saidwal filed her motion before the Award became final. Because Flagship filed a substantive response and cross-moved to affirm the Award, the Court has considered the merits of Ms. Saidwal's motion and will not deny her motion on the basis that it was premature. The Court also denies Flagship's motion to strike Ms. Saidwal's "Briefing for October 4, 2024." (*See* Dkt. Nos. 100-101.) The Court considered Ms. Saidwal's brief and concludes it does not alter the outcome of the motions.

United States District Court
Northern District of California

August 30, 2024.

The Court will address additional facts in the analysis.

## ANALYSIS

### A. Applicable Legal Standards.

Under the FAA,

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order *unless* the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title. …

9 U.S.C. § 9 (emphasis added).

"[C]ourts may vacate an arbitrator's decision only in very unusual circumstances," *Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 568 (2013) (cleaned up). Section 10 of the FAA provides the "exclusive grounds for expedited vacatur[.]" *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008).[4] It provides that an award may be vacated where:

> (1) … the award was procured by corruption, fraud, or undue means; (2) … there was evident partiality or corruption in the arbitrators, or either of them; (3) … the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) … the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Ms. Saidwal bears the burden to show the Award should be vacated. *U.S. Life Ins. Co. v. Super. Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

### B. The Court Denies Ms. Saidwal's Motion and Grants Flagship's Motion.

Ms. Saidwal contends the Arbitrator was biased in favor of Defendant and its counsel and also contends that there was some form of business contract between counsel and the Arbitrator.

---

[4] Plaintiff does not ask the Court to modify or correct the Award. Therefore, the Court has not addressed Section 11 of the FAA.

The Court shall liberally construe this argument as a challenge under Sections 10(a)(1) and (a)(2). Ms. Saidwal provides no further details about this unspecified business contract, and the Court concludes that Ms. Saidwal has not shown "corruption, fraud, or undue means." The Court also concludes the record is insufficient to support a "reasonable impression of partiality" by the Arbitrator. *Schmitz v. Zilveti*, 20 F.3d 1043, 1046 (9th Cir. 1994); *see also EHM Prods. Ltd. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170-71 (9th Cir. 2024) ("We decline to stretch the *Monster Energy* opinion to require disclosure of nontrivial business dealings with counsel.") (citing *Monster Energy Co. v. City Beverages LLC*, 940 F.3d 1130, 1135-36 (9th Cir. 2019)); *White v. Mayflower Transit, LLC*, 481 F. Supp. 2d 1101, 1104 (C.D. Cal. 2007) ("The fact that the arbitrator adopted the reasoning presented by defendant does not suggest that the arbitrator was therefore biased in favor of defendant.").

Ms. Saidwal raises an argument that, liberally construed, could be a challenge under Section 10(a)(3). Specifically, she contends the Arbitrator limited the number of witnesses she could call and did not issue subpoenas she requested. "Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." *U.S. Life Ins. Co.*, 591 F.3d at 1175 (internal quotation omitted). The record, however, suggests that Ms. Saidwal did not comply with the Arbitrator's directives to use the forms provided by JAMS. Further, although Flagship objected to both the form and substance of the evidence Ms. Saidwal presented in opposition to its motion for summary adjudication, the Arbitrator overruled those objections and "considered all the material presented by Claimant," including her entire deposition. (Award at 11-13.) The Arbitrator similarly overruled the majority Flagship's objections to evidence presented during the hearing on the defamation claim. (*Id.* at 22-23.) The Court finds no basis to vacate the Award under Section 10(a)(3).

Finally, in order to show the Award should be vacated under Section 10(a)(4), Ms. Saidwal must do more than show the Arbitrator "committed an error—or even a serious error." *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 559 U.S. 662, 671 (2010). "One way an arbitrator exceeds her power is when she demonstrates a manifest disregard of law, which requires a showing that the arbitrator understood and correctly stated the law, but proceeded to disregard the

same." *EHM Prods.*, 1 F.4th at 1176 (cleaned up). In the Award, the Arbitrator cited to and applied the *McDonnell Douglas* framework to Ms. Saidwal's employment related claims. Based on the record concluded she had not met her burden to show Flagship's decision to terminate her was pretextual. The Arbitrator also concluded that, under California law, Ms. Saidwal failed to show that Flagship published any of the allegedly defamatory statements to third-parties or did so in a manner that was not privileged. Ms. Saidwal may disagree with the outcome, but there is nothing in the record that suggests the Arbitrator understood the law but then proceeded to ignore it. *See, e.g., Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). The Court concludes the Arbitrator's decision was neither a manifest disregard of the law nor was it irrational.

Accordingly, the Court concludes that Ms. Saidwal has not met her burden to show the Award should be vacated. Because she has not met that burden, the Court GRANTS Flagship's motion and HEREBY CONFIRMS the Award finding in Flagship's favor on each of Ms. Saidwal's claims. The Court dismisses this case with prejudice in light of the Award, enters judgment, and directs the Clerk to close this file.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: September 27, 2024

JEFFREY S. WHITE
United States District Judge